UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS STEPHENS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>　　　　Defendant. | Case No. 24-cv-05989-DMR<br><br>**ORDER GRANTING IFP APPLICATION AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

Self-represented Plaintiff filed a complaint and an application for leave to proceed *in forma pauperis* ("IFP"). Having considered Plaintiff's papers, the court grants the IFP application and finds that the complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). Plaintiff must file a first amended complaint that addresses the deficiencies identified in this screening order by **November 25, 2024**.

**I.　DISCUSSION**

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). Having evaluated Plaintiff's financial affidavit, the court finds that Plaintiff has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and grants the application to proceed IFP.

The court's grant of Plaintiff's application to proceed IFP, however, does not mean that they may continue to prosecute the complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Id.* at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6). "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

Here, Plaintiff alleges that Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser") unlawfully disclosed his medical records to his employer United Parcel Service, Inc. ("UPS") and the public without his consent. [Docket No. 1.] Plaintiff does not allege facts supporting an inference that Kaiser unlawfully disclosed his medical records. Rather, Plaintiff attaches to the complaint a subpoena from the Workers' Compensation Appeals Board in the case *Stephens v. UPS and Liberty Mutual*, No. ADJ16006194, in which Kaiser was required by court order to produce Plaintiff's medical records in the workers' compensation case by September 5, 2023. Plaintiff was the claimant in the workers' compensation case. There is no indication that Plaintiff

2

1  objected to the subpoena.  In fact, Plaintiff attaches another document which he signed on May 2,
2  2023 authorizing Kaiser to disclose his medical records to Monika Hight, the attorney for UPS and
3  Liberty Mutual in the workers' compensation case.  Thus, the record supports an inference that
4  Plaintiff consented to the disclosure of his medical records, and that the records were only
5  disclosed pursuant to a court order as part of Plaintiff's own workers' compensation case.
6  Plaintiff makes a conclusory allegation that the subpoena was somehow "illegal."  No facts
7  support this inference.

8      The court finds that Plaintiff's complaint is based solely on conclusory statements, naked
9  assertions without any factual basis, or allegations that are not plausible on their face.  *See*
10 *Ashcroft*, 556 U.S. at 677-78.

## II. CONCLUSION

For the reasons above, the court **grants** Plaintiff's IFP Application and finds that the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e).  Plaintiff must file a first amended complaint addressing the deficiencies identified in this order by **November 25, 2024.**  If Plaintiff does not file a timely first amended complaint, the court will recommend that this action be dismissed.  The Initial Case Management Conference set for December 4, 2024 is VACATED and will be re-set by the court at a later date.

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties.  Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: November 4, 2024

_____
DONNA M. RYU
Chief Magistrate Judge